UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTRELL ANTHONY TEEN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:17-CV-1787 RLW |
| DREW POLAND, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $23.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will require plaintiff to submit an amended complaint.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action against Drew Poland, a Deputy U.S. Marshal, and several John Doe Deputy U.S. Marshals. Plaintiff alleges that on December 11, 2016, Poland and his team entered his house for the purpose of arresting him. He says that when they entered his bedroom he put his hands in the air. Despite his compliance, two of the unnamed Deputies shot him with Taser guns. They continued to stun him for about forty seconds and then handcuffed him. He says he suffered permanent injuries as a result.

**Discussion**

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating that Poland was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint does not state a plausible claim against Poland.

The complaint does not state whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity

claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the United States. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The United States, however, is immune from suit. *E.g.*, *United States v. King*, 395 U.S. 1, 4 (1969). As a result, the complaint fails to state a claim upon which relief can be granted.

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint that are not included in the amended complaint will be considered abandoned. *Id.* Plaintiff must allege how each and every defendant is directly responsible for the alleged harm. In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $23.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name;

(2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint.

**IT IS FURTHER ORDERED** that plaintiff must use the form and file an amended complaint within twenty-one (21) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff does not comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 10th day of July, 2017.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

4