UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTRELL ANTHONY TEEN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:17-CV-1787 RLW |
| DREW POLAND, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). Upon review, the Court finds that this action must be dismissed.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Defendant is a Deputy United States Marshal. On December 11, 2015, he and several unknown Deputies entered plaintiff's home to arrest him. He was sleeping in his bedroom when they arrived. He heard them enter, however, and he stood and placed his hands in the air. He told them he would comply with their directives. Two of the unknown Deputies shot him with Taser guns. They continued to shock plaintiff after he fell to the ground, until one of them handcuffed him. He claims he was stunned for "a little under a minute." He alleges defendant did not intervene to prevent the other officers from using excessive force. And he says he has a mark on his hand and that his "hip now pops when bent."

**Discussion**

To state a failure-to-protect claim, a plaintiff is required to allege that defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, they actually drew the inference, and they failed to take reasonable steps to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 836-38, 844 (1994). Plaintiff has not alleged facts demonstrating that defendant could have inferred, or that he actually drew the inference, that he was in danger of a substantial risk of serious harm. As a result, the complaint fails to state a claim upon which relief can be granted.

Moreover, defendant is entitled to qualified immunity. The tests for whether an officer is entitled to qualified immunity are: (1) whether the facts alleged, taken in the light most favorable to the injured party, show that the officer's conduct violated a constitutional right; and (2)

whether the constitutional right was clearly established at the time of the deprivation so that a reasonable officer would understand his conduct was unlawful. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Plaintiff's allegations do not show that a reasonable officer in defendant's position should have known that his conduct was unlawful. The incident lasted less than a minute, and the use of stun guns in carrying out arrest warrants is a common occurrence. Therefore, this action is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 14th day of August, 2017.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE