UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTRELL ANTHONY TEEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-1787 RLW ) |
| DREW POLAND, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This closed case is before the Court on pro se plaintiff Antrell Anthony Teen's motion to amend the complaint, which the Court will construe as a motion for reconsideration of the dismissal of this action under 28 U.S.C. § 1915(e). For the following reasons, the Court will grant plaintiff's motion and vacate its Memorandum and Order and Order of Dismissal dated August 14, 2017. Upon review of plaintiff's second amended complaint under 28 U.S.C. § 1915(e), the Court will direct the Clerk of Court to issue process on the second amended complaint.[1]

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must

---

[1] Plaintiff filed his original complaint on June 15, 2017 (ECF No. 1). He filed an amended complaint on July 18, 2017 (ECF No. 8). The Court will refer to the amended complaint attached to plaintiff's motion to amend as plaintiff's "second amended complaint" (ECF No. 11-1).

demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

### The Second Amended Complaint

Plaintiff brings this action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Defendant is a Deputy United States Marshal. Plaintiff states that on the morning of December 11, 2015, while he was asleep, defendant and six unknown marshals entered his apartment. Plaintiff states he awoke, heard the marshals, and "made [himself] visible with his hands in the air." In a declaration dated June 29, 2017, plaintiff states as follows:

> I awoke to strange voices. Once I got up I saw 7 marshals behind bullet proof [shields] with guns pointed at me. I was not irate, I wasn't yelling, I was afraid for my life, I kept my hands up didn't move closed my eyes. I could only remember the wrongful killing of Mike Brown and didn't want to be a statistic. I had no desire to die, be shot or hurt. My goal was to make it out alive. I was not a threat, didn't pose any harm, and was trying to get on the ground. Before that happened two officers tased me. I thought I had been shot by a gun, I started to pray. The tasing continued for a little less than a minute but seemed like forever.

ECF No. 5.

Plaintiff states defendant and an unknown marshal each fired their taser at plaintiff, striking him. Plaintiff fell backward hitting his head. He states that the officers cuffed him while he was on the floor. For relief, plaintiff seeks damages in the amount of $60,000.

**Discussion**

On August 14, 2017, the Court reviewed plaintiff's first amended complaint under 28 U.S.C. § 1915(e) and found it subject to dismissal for failure to state a claim. Specifically, the Court analyzed plaintiff's complaint as alleging only a failure-to-protect claim. The Court found no facts demonstrating that defendant could have drawn the inference that plaintiff was in danger of a substantial risk of serious harm. Moreover, the Court found defendant entitled to qualified immunity. The Court entered an Order of Dismissal on August 14, 2017.

Plaintiff's second amended complaint, however, states specifically that defendant was one of the marshals who shot plaintiff with a taser. The Court must analyze plaintiff's second amended complaint as alleging unlawful use of force in violation of the Fourth Amendment. As *Bivens* makes clear, the Fourth Amendment guarantees United States citizens "the absolute right to be free from unreasonable searches and seizures carried out by virtue of federal authority." *Bivens*, 403 U.S. at 392. To determine whether a particular seizure was conducted reasonably, courts must examine "whether the totality of the circumstances justified a particular sort of search and seizure," including how it was carried out and the force used. *See Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985).

Having carefully reviewed and liberally construed plaintiff's second amended complaint, the Court finds that plaintiff has stated a non-frivolous claim of excessive force against defendant. Although defendant may be entitled to qualified immunity, qualified immunity is an affirmative defense. The burden of pleading it rests with the defendant. *See Gomez v. Toledo*,

3

446 U.S. 635, 640 (1980) ("[T]his Court has never indicated that qualified immunity is relevant to the existence of the plaintiff's cause of action; instead we have described it as a defense available to the official in question.").

For these reasons, the Court will construe plaintiff's motion to amend as a motion for reconsideration of the dismissal of this action under 28 U.S.C. § 1915(e), and grant the motion. The Court will vacate its Memorandum and Order and Order of Dismissal dated August 14, 2017. The Court will order the Clerk of Court to detach and docket the second amended complaint and to issue process on it.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend, construed as a motion for reconsideration of the dismissal of this action under 28 U.S.C. § 1915, is **GRANTED**. [ECF No. 11]

**IT IS FURTHER ORDERED** that the Court's Memorandum and Order and Order of Dismissal dated August 14, 2017 are **vacated**. [ECF Nos. 9 and 10]

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and docket plaintiff's second amended complaint, which was submitted as an attachment to the motion to amend.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on the second amended complaint as to defendant Drew Poland in his individual capacity.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of February, 2018.