UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTRELL ANTHONY TEEN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV1787 RLW |
| | ) | |
| DREW POLAND, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (ECF No. 30). Teen directs his Subpoena to Pediron Dortch.[1] Subpoena directs Mr. Dortch to appear to testify at trial at the United States District Court, 111 S. Tenth Street, St. Louis, MO 63102.

The Court has the "discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings." *Manning v. Lockhart,* 623 F.2d 536, 539 (8th Cir.1980) (per curiam). "This power should be exercised to protect the resources of the Court and the Marshals Service, and to prevent harassment and undue expense of other parties and non-parties." *Stockdale v. Stockdale,* No. 4:08-CV-1773 CAS, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009) (citing *Lloyd v. McKendree,* 749 F.2d 705, 707 (11th Cir. 1985)).

"Courts exercising inherent supervisory power over in forma pauperis subpoenas generally consider factors such as the relevance and materiality of the information requested and the

---

[1] The Court is unclear if this is the correct spelling of subpoenaed person's name because it is difficult to read Teen's writing.

1

necessity of the particular testimony or documents to proving the indigent's case." *Stockdale*, 2009 WL 4030758, at *1 (citing *Jackson v. Brinker*, 1992 WL 404537, at *6 (S.D. Ind. Dec. 21, 1992); *Tuvalu v. Woodford*, 2006 WL 3201096, at *5 (E.D.Cal. Nov. 2, 2006) ("[A] party's ability to use a subpoena duces tecum is circumscribed by the relevance standards of Federal Rule of Civil Procedure 26(b)(1)[.]" "When reviewing subpoenas duces tecum directed to non-parties, a court should also examine issues related to the expected compliance costs in light of Rule 45(c)(2)(B)'s provision that non-parties be protected against significant expense." *Stockdale*, 2009 WL 4030758, at *1 (citing *Jackson*, 1992 WL 404537, at *5).

> If a court finds that an indigent party's requests for issuance and service of subpoenae *duces tecum* directed to a non-party is frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process, the court may relieve the Marshals Service of its duty under § 1915(c) to serve the subpoenae.

*Jackson*, 1992 WL 404537, at *7.

Here, Teen has not identified the specific information sought from Mr. Dortch and how that information relates directly to his cause of action. Therefore, the Court denies Teen's Motion for Subpoena Duces Tecum (ECF No. 30) without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff's Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (ECF No. 30) is **DENIED** without prejudice.

Dated this 3rd day of September, 2019.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**